HYRCANUS L. STANLEY *v*. STATE OF MISSISSIPPI.

[42 South. Rep., 284.]

1. CRIMINAL LAW AND PROCEDURE. *Evidence. Allegata et probata.*

Where defendant was charged with having, in a certain designated town, kept intoxicants for sale and to give away to induce trade, evidence is not admissible to show such giving away elsewhere than in the town.

2. SAME.

Under an affidavit or indictment charging defendant with keeping for sale and giving away to induce trade liquors in a certain town, the books of an express company were inadmissible to show shipments of the liquors from defendant's employers to parties in such town.

FROM the circuit court of Holmes county.

HON. A. McC. KIMBROUGH, Judge.

Appellant, Stanley, a traveling salesman for a distilling company doing business in Missouri was tried before the mayor of the town of Durant, as justice of the peace, on an affidavit charging him with keeping in said town intoxicants to be given away to induce trade, in violation of ch. 104, p. 141, laws of 1900. He was convicted, and on a trial *de novo* in the circuit court was again convicted, and appealed to the supreme court. The evidence shows that he carried with him a grip containing bottles of red liquor, commonly called whiskey, and that he gave away drinks or samples of this liquor while soliciting orders for the company which he represented. On the trial the court permitted proof (over objection) not only of the giving away of liquors by appellant in the town of Durant, but at places outside of said town. The court also permitted the introduction of the books of the express company to show shipments of liquors from the company which appellant represented to parties in Durant, though it was not shown that appellant

obtained orders from any of the persons to whom the shipments were made, or gave liquor to any of them.

*May & Flowers,* for appellant.

While the offense was charged to have been committed in the town of Durant, testimony was admitted to prove that appellant gave Matthews a drink at West, a town some ten miles from Durant, and that he gave this same man a drink two and a half miles from Durant. This was certainly not evidence supporting or tending to support the charge that accused kept liquors in Durant to be given away to induce trade. It does show that appellant was going from place to place over the country, and that he carried liquor with him. It could only serve to prejudice the defendant's case and cause his conviction whether guilty or innocent. This testimony was objected to by the defendant, the objection overruled and exception properly taken.

It was just as prejudicial to the defendant's case to admit the books of the express company showing that C. O. D. packages of liquor were delivered to certain parties in Durant on the very day on which it is charged that the accused committed the crime of "keeping." The accused was charged with keeping liquors in Durant on that day to be given away to induce trade. Does it help to prove the charge to show that in that day, and on the days immediately succeeding, the distilling company shipped liquors to Durant on C. O. D. orders? This testimony was clearly incompetent and could possibly serve no purpose except to prejudice the jury against the defendant and becloud the issue which they were impaneled to try. The express agent was permitted to tell the jury what his books showed from February 20, 1905, the date on which it is charged that the accused committed the crime, to March 29, following. It was not shown that he solicited any one of the

persons to whom shipments were made nor that he gave liquors to any one of these persons. Certainly a verdict based upon such testimony as this cannot be permitted to stand.

*R. V. Fletcher,* assistant attorney-general, and *Noel & Pepper,* for appellee.

When arrested, appellant had a valise full of liquor, which he had been carrying around and giving drinks, and bottles, from the valise to prospective purchasers to induce orders. The valise and its contents were offered in evidence before the jury, and also blank orders for sales of liquors.

The law under which appellant was tried and convicted is found in sec. 1, ch. 104 of the acts of 1900, p. 141. The fact that the liquor was kept to be given away to induce trade, and was calculated to promote trade and to induce orders, was undeniable. The only defense made below, or seriously urged, was that the law was violative of the inter-state commerce provisions of the United States constitution and statutes. This question was fully discussed, and thoroughly considered in the case of *Hart* v. *State,* 39 South. Rep., 524.

Under the "Wilson Act" intoxicating liquor becomes subject to state regulation or prohibition, the moment it leaves the hands of the common carrier which brought it into the state. The liquors found in appellant's valise were not withdrawn from state legislation by any act of congress.

CALHOON, J., delivered the opinion of the court.

The charge is that appellant did "keep for sale and to be given away to induce trade" the liquors "in the town of Durant." It was error to admit testimony of instances of such giving away outside of that town. It was also error to admit the books of the express company to show shipments of the liquors from appellant's employers to parties in Durant. The court declines now to decide whether or not the record shows this

prosecution to be in violation of the interstate commerce clause of the constitution of the United States.

*Reversed and remanded.*